UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 1:16-CR-00125-01** |
| **VERSUS** | **JUDGE DRELL** |
| **MARVIN DWAYNE PAIGE (01)** | **MAGISTRATE JUDGE PEREZ-MONTES** |

## RULING

Through relatively new counsel, Marvin Paige has asked the Court for a designation that the sentence we imposed here be run concurrently with a state sentence resulting from a parole revocation. (Doc. 544). In this federal case, Paige was sentenced by the undersigned to serve a period of imprisonment of 240 months for Conspiracy to Distribute Methamphetamine and Cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. (Doc. 501). At the time of sentencing we understood that he still had a parole revocation pending for Racketeering in Furtherance of Drug Trafficking, an earlier state charge.

Paige's present counsel suggests that we made no designation as to concurrent or consecutive regarding this Federal sentence. (Doc. 544 at ¶ 2). That suggestion is mistaken. The court provided as follows regarding the issue of concurrent versus consecutive sentencing in this case at the time the sentence was announced:

> With regard to the matter of a concurrent sentence, actually it's going to be up to the state court judge who will be the last sentencing judge as to whether that sentence would run concurrent [sic, from transcript] with this one. So counsel can certainly make the arguments there, and it's entirely up to that judge to make that determination. (Doc. 512 Transcript at 23:23-24:3).

Upon the filing of the current motion, we examined the situation in state court and learned that Paige did not appear before a state judge following sentencing by this court. Rather,

1

his parole on the Racketeering charge was revoked prior to his December 15, 2017 sentencing before the undersigned. Had the court been aware of this fact at the time of sentencing we would have run five (5) years of the federal sentence in this case concurrently with the state sentence and the balance consecutively to the state sentence.  18 U.S.C. § 3584; U.S. v. Everist, 368 F.3d 517 (5th Cir. 2004).

To that extent then, the motion is GRANTED in part. Sixty (60) months of defendant's federal sentence is designated to run concurrently with his state sentence. The remaining federal sentence is designated to run consecutively to defendant's state sentence.

IT IS SO ORDERED.

THUS DONE AND SIGNED this 22ND day of May, 2020 at Alexandria, Louisiana.

DEE D. DRELL, JUDGE
UNITED STATES DISTRICT COURT